IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PATRICIA CLEMENSON, <br><br> Plaintiff, <br><br> v. <br><br> SOUTHWEST CREDIT SYSTEMS, LP, <br><br> Defendant. | Case No. 4:18-cv-00618 |

### COMPLAINT

NOW COMES the Plaintiff, PATRICIA CLEMENSON ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, SOUTHWEST CREDIT SYSTEMS, LP ("Defendant"), as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Texas Debt Collection Act, Tex. Fin. Code Ann § 392 *et seq.* ("TDCA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff's FDCPA claims.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1334 with respect to Plaintiff's TDCA claims.

5.     Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

## PARTIES

6.     PATRICIA CLEMENSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

7.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9.     Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

10.    SOUTHWEST CREDIT SYSTEMS, LP ("Defendant") is a provider of accounts receivable management and consumer service solutions.  The company is based in Carrollton, Texas.

11.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

13.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

14.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

15.    Defendant is a "person" as defined by 47 U.S.C. § 153(39).

16.    Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

17.    Defendant is a "third-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(1).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 8120.

19. At all times relevant, Plaintiff's number ending in 8120 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

20. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

21. On or before April 24, 2018, Plaintiff started receiving phone calls to her cellular telephone from Defendant.

22. In June, Plaintiff answered and was received by silence then audible clicking, before she was connected to a live representative.

23. Specifically, Plaintiff experienced clear pause from when she said "hello," to when a live representative introduced them self.

24. Defendant informed Plaintiff that "[they were] a debt collector and any information obtained would be used for that purpose."

25. Defendant informed Plaintiff that they were seeking to collect debt allegedly owed by Michael Clemenson – Plaintiff's husband. Plaintiff requested Defendant stop calling.

26. Notwithstanding, Defendant continued to receive phone calls to her cellular telephone from Defendant.

27. Defendant placed no less than 20 unconsented-to calls to Plaintiff seeking to collect debt allegedly owed by Plaintiff's husband despite Plaintiff's request that they stop calling.

28. Upon information and belief, Defendant placed or caused to be placed the aforementioned calls to Plaintiff's cellular telephone using a predictive dialer[1].

## DAMAGES

29. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

30. Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge their cellular telephone as a result of increased usage of their telephone services.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Upon information and belief, the amount allegedly owed by Michael Clemenson is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. Upon information and belief, Defendant is attempting to collect a debt used for "personal purpose" as defined by 15 U.S.C. § 1692a(5).

---

[1] A predictive dialer is an outbound calling system that automatically dials from a list of telephone numbers. Like other types of autodialers (also called robodialers), predictive dialers call numbers automatically and can help agents screen for busy signals, voicemails, no-answers and disconnected numbers.

**Violation(s) of 15 U.S.C. §§ 1692d, and d(5)**

34. Section 1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt.

35. Section 1692d(5) prohibits a debt collector from causing a telephone to ring continuously with the intent to annoy, abuse, or harass.

36. Defendant violated 15 U.S.C. § 1692d by placing or causing to be placed no less than 20 collection calls to Plaintiff despite Plaintiff's requests that they stop.

37. Defendant violated 15 U.S.C. §1692d(5) by placing or causing to be placed no less than 20 collection calls to Plaintiff despite Plaintiff's requests that they stop.

38. Defendant's behavior of repeatedly placing or causing to be placed collection calls to Plaintiff was abusive, harassing, and oppressive.

39. Plaintiff may enforce the provisions of 15 U.S.C. §§1692d, and d(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)  any actual damage sustained by such person as a result of such failure;

(2)

    (A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.  find that Defendant violated 15 U.S.C. §§ 1692d and d(5);

B.     award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.     award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.     award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     award such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

41. Defendant placed or caused to be placed non-emergency calls, including but not limited to the aforementioned calls, to Plaintiff's cellular telephone number ending in 8120 utilizing an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

42. Alternatively, Defendant placed or caused to be placed non-emergency calls, including but not limited to the aforementioned calls, to Plaintiff's cellular telephone number ending in 8120 utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

43. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute.  18 F.C.C.R. 14014, 14091-93 (2003).

6

44. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

45. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

46. Upon information and belief, based on the lack of prompt human response, Defendant employed a predictive dialer to place calls to Plaintiff's cellular telephone.

47. Upon information and belief, the predictive dialer employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

48. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

49. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiffs are entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 47 U.S.C. §227 (b)(1)(A)(iii);

B. enjoin Defendant from placing calls to Plaintiff pursuant to 47 U.S.C. § 227(3)(A);

C. award statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(3)(B);

D. award treble damages up to $1,500.00, for each such violation pursuant to 47 U.S.C. § 227(3)(C); and

E. award such other relief as this Court deems just and proper.

## COUNT III:
**Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)**

50. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51. Upon information and belief, the amount allegedly owed by Michael Clemenson is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

**Violation(s) of Tex. Fin. Code Ann. § 392.302(4)**

52. Subsection 392.302(4) of the Texas Finance Code prohibits debt collectors from oppressing, harassing, or abusing a person by "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

53. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by making no less than 20 unwanted phone calls to Plaintiff despite Plaintiff's requests that they stop.

54. Defendant's behavior of repeatedly placing or causing to be placed collection calls to Plaintiff was abusive, harassing, and oppressive.

WHEREFORE, Plaintiff requests the following relief:

a. find that Defendant violated Tex. Fin. Code Ann. § 392.302(4), by engaging in the practices alleged herein;

b. award injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. award actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. award reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. grant any other relief deemed appropriate and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

July 30, 2018                                                                                       Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Patricia Clemenson*